UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| SAMUEL LEWIS TAYLOR, | ) |
| Plaintiff, | ) |
| v. | ) No. 1:11CV173 SNLJ |
| PAULA HUFFMAN PHILLIPS, et al., | ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court upon the motion of plaintiff (registration no. 166914), an inmate at Potosi Correctional Center, for leave to commence this action without payment of the required filing fee [Doc. #2]. For the reasons stated below, the Court finds that the plaintiff does not have sufficient funds to pay the entire filing fee and will assess an initial partial filing fee of $3.65. See 28 U.S.C. § 1915(b)(1). Additionally, after reviewing the amended complaint[1], the Court will order plaintiff to submit a second amended complaint in accordance with the detailed instructions set forth below.

---

[1]Plaintiff's motion for leave to file an amended complaint will be granted.

## 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. Id.

Plaintiff has submitted an affidavit and a certified copy of his prison account statement for the six-month period immediately preceding the submission of his complaint. A review of plaintiff's account indicates an average monthly deposit of $18.25, and an average monthly balance of $.16. Plaintiff has insufficient funds to pay the entire filing fee. Accordingly, the Court will assess an initial partial filing fee of $3.65, which is 20 percent of plaintiff's average monthly deposit.

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. An action is frivolous if it "lacks an arguable basis in either law or fact." Neitzke v. Williams, 490 U.S. 319, 328 (1989). An action is malicious if it is undertaken for the purpose of harassing the named defendants and not for the purpose of vindicating a cognizable right. Spencer v. Rhodes, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), aff'd 826 F.2d 1059 (4th Cir. 1987).

To determine whether an action fails to state a claim upon which relief can be granted, the Court must engage in a two-step inquiry. First, the Court must identify the allegations in the complaint that are not entitled to the assumption of truth. Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950-51 (2009). These include "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." Id. at 1949. Second, the Court must determine whether the complaint states a plausible claim for relief. Id. at 1950-51. This is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 1950. The plaintiff is required to plead facts that show more than the "mere possibility of misconduct." Id. The Court

must review the factual allegations in the complaint "to determine if they plausibly suggest an entitlement to relief."  Id. at 1951.  When faced with alternative explanations for the alleged misconduct, the Court may exercise its judgment in determining whether plaintiff's conclusion is the most plausible or whether it is more likely that no misconduct occurred.  Id. at 1950, 51-52.

## The Amended Complaint

Plaintiff, an inmate at Potosi Correctional Center, seeks monetary relief in this action brought pursuant to 42 U.S.C. § 1983, for constitutional violations he allegedly suffered while incarcerated at two different correctional facilities: Southeastern Correctional Center and Potosi Correctional Center.  Plaintiff names fourteen correctional employees as defendants in this action, to wit:  Paula Huffman Phillips (Functional Unit Manager); John Hoskins (Correctional Officer); John Roach (Correctional Officer); Michael McGill (Correctional Officer); Tina Whitson (Correctional Officer); Unknown Kaiser (Correctional Officer); Unknown Dorris (Classification Officer); Dawn Horn (Classification Officer); Unknown Wilheight (Correctional Officer II); David Gaines (Classification Officer); Darlene Wansing (Financial Officer); Unknown Hack (Correctional Officer); Unknown Reed (Correctional Officer II); and J. Arnald (Correctional Officer).

Plaintiff's allegations arise out of a myriad of different occurrences that took place between the years 2006-2010.  Liberally construing the conclusory complaint, plaintiff claims as follows.

Plaintiff asserts that in 2006 he filed a lawsuit against defendant Paula Huffman Phillips.  He states that several days after defendant Huffman Phillips found out about the pending lawsuit, sometime in December of 2006, defendant Hoskins and McGill searched his cell.  Plaintiff asserts that after the cell search, food products were missing from his cell and his radio was damaged.  Plaintiff states that when he told defendant Hoskins that he was going to file an IRR on the cell search, defendant Hoskins told him that if plaintiff wrote him up he would write plaintiff up.  Plaintiff claims that he received a conduct violation that same day.

Plaintiff claims that in January 2007, after a riot at Potosi, his cell was searched under the authorization of defendant Huffman Phillips.  Plaintiff claims that his headphones were taken during the search, and that when he went to defendant Huffman Phillips' office to retrieve the headphones, they were broken.  Plaintiff asserts that he gave the broken headphones, along with a check for $5 to defendant Wilheight so that the headphones could be sent back to the manufacturer to be fixed, but that he has not heard anything back from the company nor had his money returned.

Plaintiff claims that in January of 2007, defendant Hoskins and defendant Whitson gave him a "bogus CDV" and confined him to disciplinary segregation when he failed to get out of the shower quick enough. Plaintiff states that during his time in segregation his laundry was taken from him and he went without clean clothing for shower nights for four months, causing him to "do without" underclothing.

Plaintiff asserts that in February of 2007, defendant Gaines opened "legal mail" from the Attorney General's Office (discovery documents in a civil case) outside his presence.

Plaintiff claims that in February of 2007, defendant Hoskins and defendant McGill did a cell search and damaged his typewriter, took carbon paper from his cell, and "took some legal documents that pertained to [his] then pending civil case." Plaintiff states that he was unfairly "written up" for purportedly going to the cleaning closet while on room restriction.

Plaintiff claims that in March of 2007, he was "written up" by defendant Kaiser for being "out of bounds" and that classification staff member, Unknown Dorris, changed the conduct violation to a harsher institutional infraction (creating a disturbance), resulting in a denial of recreation, the law library, and attendance at religious services.

Plaintiff asserts that in April of 2007, defendant Roach issued him a conduct violation and confiscated his radio after he was confined to administrative segregation. In a conclusory manner, plaintiff states that defendant "Wilheight refused to send [him] the correct cost of postage to send radio out and radio was taken in retaliation of lawsuit and grievances."

Plaintiff claims that in April and May of 2007, defendants Wansing and Huffman Phillips made him spend his state monthly stipend on filing fees, pursuant to the Prison Litigation Reform Act, resulting in a lack of paper to draft legal documents. Plaintiff asserts that in October of 2010, defendant Wansing used money he received from outside sources to pay filing fees, pursuant to the Prison Litigation Reform Act, and he was not able to "appeal the decision in [his] civil case to the United States Supreme Court."

Plaintiff asserts that in June of 2007, defendants Hack, Horn and Reed took "religious materials" from his cell, including a "Trumpet Magazine," and would not return the materials to him. Plaintiff also claims that these same defendants took letters he received from Larry Crawford relating to complaints plaintiff had made about administrative and correctional staff and refused to return the letters to him.

Plaintiff claims that in August of 2007, defendants Arnald and Hoskins "took" various items from his "property" that should have been transferred with him from

Southeastern Correctional Center to Potosi Correctional Center. Plaintiff states that he complained about the loss of property to defendant Huffman Phillips and she gave "officers directives to retaliate" against him.

## Discussion

Plaintiff's separate claims, which allegedly occurred over a four-year time period, appear to bear little or no relationship to each other. Under Rule 18(a) of the Federal Rules of Civil Procedure, multiple claims against a single party are valid. See also, George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007).

However, the instant action presents a case involving multiple claims against multiple defendants, and it appears that some of the claims may have even occurred at two different correctional facilities. Indeed, it appears that plaintiff is attempting to cram almost every claim he might have ever had against a person or facility into one lawsuit. Such pleading practices are not allowed, especially in prisoner actions where there could be an incentive to avoid paying separate filing fees. See id. (district court should question joinder of defendants and claims in prisoner cases). Federal Rule of Civil Procedure 20(a)(2) is controlling and provides:

> Persons. . . may be joined in one action as defendants if: (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action.

Thus, a plaintiff cannot normally seek to join in one lawsuit a multitude of claims against a host of different defendants, relating to events arising out of a series of different occurrences or transactions, even if they occur at the same correctional facility. In other words, "Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2." George, 507 F.3d at 607. "Unrelated claims against different defendants belong in different suits . . . [in part] to ensure that prisoners pay the required filing fees - for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees." Id.

Because plaintiff is proceeding pro se and in forma pauperis, the Court will give him the opportunity to file a second amended complaint in this action. In so doing, plaintiff should select the transaction or occurrence he wishes to pursue, in accordance with Rules 18 and 20 of the Federal Rules of Civil Procedure, and file a second amended complaint, limiting his facts and allegations to the limited number of defendant(s) involved in said occurrence. Plaintiff should only include in his second amended complaint those claims that arise out of the same transaction or occurrence, or simply put, claims that have some relation to each other. See Fed.R.Civ.P. 18(a) and 20(a)(2). Application of this rule will usually result in a

complaint containing claims relating to just one event or time period at one correctional center.

Plaintiff is reminded that he is required to submit his second amended complaint on a court-provided form, and it must comply with Rules 8 and 10 of the Federal Rules of Civil Procedure. Plaintiff must clearly state the defendant(s) he is pursuing claims against, and he must articulate, for each defendant, the factual circumstances surrounding that person's alleged wrongful conduct. Plaintiff's failure to make specific and actionable allegations against any of the defendants will result in that individual's dismissal from this case.[2] Plaintiff is advised that the second amended complaint will replace the original complaint and the amended complaint, and it will be the only pleading the Court reviews. See, e.g., In re Wireless Telephone Federal Cost Recovery Fees Litigation, 396 F.3d 922, 928 (8th Cir. 2005).

Last, if plaintiff wishes to pursue additional claims against additional defendants, and the claims do not arise from the same transaction or occurrence, he must file each such claim(s) on a separate complaint form and either pay the $350 filing fee or file a motion for leave to proceed in forma pauperis and certified inmate

---

[2]The Court will review plaintiff's second amended complaint pursuant to 28 U.S.C. § 1915 for frivolousness, maliciousness, and/or failure to state a claim. A claim and/or defendant must survive § 1915 review in order for plaintiff to proceed in this lawsuit.

account statement. In anticipation of such an occurrence, the Court will instruct the Clerk to provide plaintiff with the appropriate blank forms for filing a complaint and motions to proceed in forma pauperis. Because each complaint would be filed as a new action, plaintiff should not put a cause number on the new complaint(s). The Clerk of Court will assign a cause number to each new action if and when plaintiff chooses to submit the complaint forms to the Court.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to amend his complaint [Doc. #3] is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff shall pay an initial filing fee of $3.65 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that plaintiff shall submit a second amended complaint, in accordance with the instructions set forth above, no later than thirty (30) days of the date of this Memorandum and Order.

**IT IS FURTHER ORDERED** that if plaintiff fails to pay the initial partial filing fee within thirty (30) days of the date of this Order or fails to file a second amended complaint in accordance with the instructions set forth in this Order, then this case will be dismissed without prejudice.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall mail to plaintiff five blank form complaints for the filing of a prisoner civil rights complaint, as well as five blank form motions for leave to proceed in forma pauperis. Plaintiff may request additional forms from the Clerk, as needed.

Dated this  6th  day of March, 2011.

*/s/ Stephen N. Limbaugh, Jr.*
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE