UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| SAMUEL LEWIS TAYLOR, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:11CV173 SNLJ |
| | ) | |
| PAULA HUFFMAN PHILLIPS, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## **MEMORANDUM AND ORDER**

This matter is before the Court upon the filing of plaintiff's second amended complaint.[1] After reviewing the second amended complaint, the Court will partially dismiss the second amended complaint and will order the Clerk to issue process or cause process to be issued on the non-frivolous portions of the second amended complaint.

### **28 U.S.C. § 1915(e)**

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. An action is frivolous if it "lacks an arguable basis in either law or

---

[1] On March 6, 2012, plaintiff was instructed to file a second amended complaint in accordance with this Court's Memorandum and Order [Doc. #7].

fact." Neitzke v. Williams, 490 U.S. 319, 328 (1989). An action is malicious if it is undertaken for the purpose of harassing the named defendants and not for the purpose of vindicating a cognizable right. Spencer v. Rhodes, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), aff'd 826 F.2d 1059 (4th Cir. 1987).

To determine whether an action fails to state a claim upon which relief can be granted, the Court must engage in a two-step inquiry. First, the Court must identify the allegations in the complaint that are not entitled to the assumption of truth. Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950-51 (2009). These include "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." Id. at 1949. Second, the Court must determine whether the complaint states a plausible claim for relief. Id. at 1950-51. This is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 1950. The plaintiff is required to plead facts that show more than the "mere possibility of misconduct." Id. The Court must review the factual allegations in the complaint "to determine if they plausibly suggest an entitlement to relief." Id. at 1951. When faced with alternative explanations for the alleged misconduct, the Court may exercise its judgment in determining whether plaintiff's conclusion is the most plausible or whether it is more likely that no misconduct occurred. Id. at 1950, 51-52.

**The Second Amended Complaint**

Plaintiff, an inmate at Potosi Correctional Center ("PCC), seeks monetary relief in this action brought pursuant to 42 U.S.C. § 1983 for constitutional violations he allegedly suffered while incarcerated at Southeastern Correctional Center ("SECC"). Plaintiff names seven correctional employees as defendants in this action, to wit: Paula Huffman Phillips (Functional Unit Manager); John Hoskins (Correctional Officer); John Roach (Correctional Officer); Michael McGill (Correctional Officer); Unknown Wilheight (Correctional Officer II); Darlene Wansing (Financial Officer); and J. Arnold (Correctional Officer). Defendants are being sued in their individual and official capacities.

Plaintiff's allegations arise out a series of occurrences that took place between the Fall of 2006 and the Spring of 2007. Liberally construing the second amended complaint, plaintiff claims as follows.

Plaintiff asserts that in 2006 he filed a lawsuit against defendant Paula Huffman Phillips. He states that several days after defendant Huffman Phillips found out about the pending lawsuit, sometime in December of 2006, she directed defendants Hoskins and McGill to search his cell. Plaintiff asserts that after the cell search, food products went missing from his cell and his radio was damaged. Plaintiff asserts in taking his food products and damaging his radio, defendants violated his rights under the First

and Fourteenth Amendments of the Constitution in retaliation for filing a lawsuit against defendant Huffman Phillips.

Plaintiff claims that in January 2007, a "Search and Movement Team" under the direction of Huffman Phillips searched his cell. Plaintiff claims that defendant Huffman Phillips orchestrated the search in retaliation for plaintiff's exercise of his First Amendment rights and that also in retaliation, defendant Huffman Phillips directed one of the members of the search team to take his Koss headphones. Plaintiff asserts that when he went to defendant Huffman Phillips' office to retrieve the headphones a few days later, they were broken. Plaintiff believes that defendant Huffman Phillips violated his First Amendment rights in unlawfully directing the cell search and destroying his property under both the First and Fourteenth Amendments.

Plaintiff asserts that he gave the broken headphones, along with a check for $5 to defendant Wilheight, who worked in the property room, so that the headphones could be sent back to the manufacturer to be fixed. Plaintiff alleges that defendant Huffman Phillips, acting with retaliatory motive and in concert with defendant Wilheight, directed defendant Wilheight not to send plaintiff's headphones to get fixed.

Plaintiff claims that in February of 2007, defendant Hoskins and defendant McGill again did a cell search on plaintiff's cell, at the direction of defendant

Huffman Phillips, and damaged plaintiff's typewriter, took carbon paper from his cell, and "took some legal documents that pertained to [his] then pending civil case" against defendant Huffman Phillips.

Plaintiff asserts that in April of 2007, defendant Roach issued him a conduct violation and took his radio after he was confined to administrative segregation. Plaintiff states that defendant Roach acted at the direction and in concert with defendant Huffman Phillips, with retaliatory motive and with the intent of violating plaintiff's First Amendment rights.

Plaintiff claims that after writing several "kites" or notes to defendant Wilheight to provide him with the correct amount of postage to send his radio out to be fixed, Wilheight refused to answer him or provide him with postage. Plaintiff believes that defendant Wilheight was acting in retaliation and under the direction of defendant Huffman Phillips when he refused to answer his "kites."

Plaintiff claims that in April and May of 2007, defendants Wansing and Huffman Phillips "took" all of his state monthly stipend of $8.50 for the months of May and June 2007 and he could not file legal documents in his current civil cases in the Western District of Missouri and he had to file his documents on toilet paper and sell his food trays for envelopes and stamps because neither defendant would provide him with stationary products upon request. Plaintiff states that defendants

Wansing and Huffman Phillips acted in violation of his First and Fourteenth Amendments in "taking" his monthly stipend and refusing him stationary products.

Plaintiff claims that in August of 2007, defendants Arnold and Hoskins "took" his Black's Law Dictionary and Georgetown Law Journal while preparing to place him in administrative segregation, or the "hole," at "the directive of defendant Huffman Phillips."

Plaintiff claims that in October of 2007, defendant Huffman Phillips approved his transfer to PCC and "further punished" him by denying him his personal property when he was transferred from SECC to PCC on the "directive of Paula Huffman Phillips to Sgt. Wilheight: tennis shoes, walkman radio, fan, clock radio, typing ribbons, sweat pants and shirts, Law books, etc."

Plaintiff additionally asserts that defendants retaliated against him by denying him access to the Courts such that he was prejudiced in his case against defendant Huffman Phillips by taking his legal materials and books, destroying his typewriter, refusing him access to his prison account funds needed to file legal documents, refusing him access to paper, envelopes and stamps necessary to file documents, and generally destroying his legal papers.

## Discussion

**A.     Plaintiff's Official Capacity Claims**

Naming a government official in his or her official capacity is the equivalent of naming the government entity that employs the official, in this case the State of Missouri. See Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989). "[N]either a State nor its officials acting in their official capacity are 'persons' under § 1983." Id. As a result, the complaint is legally frivolous and fails to state a claim upon which relief can be granted as to defendants in their official capacities, and the Court will order that all said claims be dismissed.

**B.     Plaintiff's First Amendment Retaliation Claims**

It is well-settled that a prisoner has a First Amendment right to petition the government to redress his grievances against prison officials, and prison officials are precluded from penalizing a prisoner for exercising those rights. Nelson v. Shuffman, 603 F.3d 439, 449-50 (8th Cir. 2010) (citing Sprouse v. Babcock, 870 F.2d 450, 452 (8th Cir. 1989)). Moreover, an action by a prison official "in retaliation for the exercise of a constitutionally protected right is actionable under Section 1983 even if the act, when taken for a different reason, would have been proper." Madewell v. Roberts, 909 F.2d 1203, 1206 (8th Cir. 1990) (quotation and citations omitted).

Thus, with regard to the instant case, plaintiff's constitutional right to seek redress against prison officials by filing grievances, or in defendant Huffman Phillips' case, a lawsuit, against defendant, was clearly established at the time the alleged

incidents mentioned in the second amended complaint occurred. The Court finds that plaintiff's allegations against defendants, in their individual capacities, survive frivolity review and are sufficient to state actionable retaliation claims for plaintiff's exercise of his First Amendment right to seek redress for his prison grievances and the filing of his lawsuit against defendant Huffman Phillips. See Burgess v.Moore, 39 F.3d 216, 218 (8th Cir. 1994) (even the threat of retaliation is sufficient injury if made in retaliation for inmate's attempt to seek redress of grievances). In this case, plaintiff alleges much more than simply a threat of retaliation, he alleges the temporal proximity of the filing of his lawsuit against defendant Huffman Phillips, and then her alleged directives to deprive plaintiff of his possessions, impede his action against her, discipline him and place him in administrative segregation. Plaintiff also alleges a First Amendment retaliatory destruction of property claim by defendants, in addition to a "taking" of money from his financial account and a refusal to allow him to buy stationary products. See, e.g., Walters v. Wolf, 660 F.3d 307 (8th Cir. 2011); Clark v. Mason, 2007 WL 2572344, No. C04-1647-JCC (W.D. Wash. September 6, 2007).

As such, the Court will order said defendants, in their individual capacities, to respond to plaintiff's First Amendment retaliation claims.

**C.     Plaintiff's Conspiracy Claims**

Plaintiff summarily claims that all of the defendants' actions constituted "a mutual understanding and meeting of the minds and impermissible conspiracy." Plaintiff's generalized and conclusory allegations of a "conspiracy" do not rise to the level of a constitutional violation and fail to state a § 1983 or § 1985 civil conspiracy claim.

To properly plead a claim for civil conspiracy under § 1983, a plaintiff must include specific factual allegations showing a "meeting of the minds" concerning unconstitutional conduct. See Murray v. Lene, 595 F.3d 868, 870 (8th Cir. 2010) (conspiracy claim under § 1983 alleging violation of constitutional rights requires allegations of specific facts tending to show meeting of minds among alleged conspirators). Plaintiff's summary allegations, without additional allegations of specificity, are insufficient to state a claim for conspiracy under § 1983.

Additionally, in order to show a civil rights conspiracy under 42 U.S.C. § 1985(3), a plaintiff must allege: (1) the defendants conspired, (2) with the intent to deprive them, either directly or indirectly, of equal protection of the laws, or equal privileges and immunities under the laws, (3) an act in furtherance of the conspiracy, and (4) that they or their property were injured, or they were deprived of exercising any right or privilege of a citizen of the United States. See Larson v. Miller, 76 F.3d 1446, 1454 (8th Cir.1996). A claim under section 1985(3) requires proof of invidious

discriminatory intent and a violation of a serious constitutional right that is protected from official and private encroachment. Bray v. Alexandria Women's Health Clinic, 506 U.S. 263, 267-68 (1993). The list of rights to which section 1985 applies is reserved to claims involving racial or class-based invidiously discriminatory animus. Id. Plaintiff has failed to allege a conspiracy involving a racial or class-based discriminatory animus. As such, he has failed to state a conspiracy claim under § 1985.

### D. Plaintiff's Denial of Access to Courts Claims

Inmates undeniably enjoy a constitutional right of access to the courts and the legal system. Lewis v. Casey, 518 U.S. 343 (1996); Bounds v. Smith, 430 U.S. 817, 821 (1977). To protect that right, prisons must provide inmates with some access to legal materials or to legal assistance so that inmates can prepare and pursue complaints, and with some ability to mail these complaints and related legal correspondence once prepared. Casey, 518 U.S. at 350-54; Bounds, 430 U.S. at 824-28. Inmates do not have a right, however, either to law libraries or to unlimited stamp allowances for legal mail. Instead, the duty to make such arrangements is bounded by the inmates' right of meaningful access to the courts. Casey, 518 U.S. at 350-354; Bounds, 430 U.S. at 828.

"To state a claim [for denial of meaningful access to the courts], inmates must assert that they suffered an actual injury to pending or contemplated legal claims." Myers v. Hundley, 101 F.3d 542, 544 (8th Cir. 1996).

Plaintiff states generally that his "state tip" was taken from his account and he was forced to file legal documents on toilet paper. He also asserts that his legal dictionary and law journal were taken from him prior to being sent to administrative segregation, that his typewriter was damaged, carbon paper was taken from his cell and some "legal documents were taken as well as a civil complaint against Paula Huffman Phillips." Plaintiff generally states that these acts denied him access to the Courts and prejudiced him by in meeting court deadlines. Plaintiff's conclusory allegations, without more, are not enough to state a claim for a denial of access to courts. He has not alleged a specific or actual injury to a pending case or legal claim. As such, his access to courts claim will be dismissed.

### E. Fourteenth Amendment Due Process/Loss of Property Claims

In addition to his retaliatory destruction of property claim addressed above, plaintiff also appears to be asserting that he has been denied due process under the Fourteenth Amendment when defendants removed his personal property from his cell or intentionally or accidentally broke his property while doing a cell search.

The due process clause may be implicated when a prisoner suffers a loss of property. If the taking of property by prison officials is intentional, however, and the state provides an adequate post-deprivation remedy, there is no violation of due process. Hudson v. Palmer, 468 U.S. 517 (1984); Parratt v. Taylor, 451 U.S. 527 (1981), overruled on other grounds, Daniels v. Williams, 474 U.S. 327, 328 (1986); Orebaugh v. Caspari, 910 F.2d 526, 527 (8th Cir. 1990) (taking did not violate due process because Missouri prisoner had adequate post-deprivation remedy).

Plaintiff does not allege that he lacks an adequate post-deprivation remedy. Furthermore, regardless of the existence of a state post-deprivation remedy, no due process claim exists if the loss of plaintiff's property was the result of negligence. See Daniels v. Williams, 474 U.S. 327, 328 (1986); accord Davidson v. Cannon, 474 U.S. 344, 347 (1986); Morton v. Becker, 793 F.2d 185, 188 n.3 (8th Cir. 1986) (Fourteenth Amendment due process clause is not implicated by state official's negligent act causing unintended loss of or injury to life, liberty, or property). As such, plaintiff cannot sustain a Fourteenth Amendment Due Process/Loss of Property claim.

Accordingly,

**IT IS HEREBY ORDERED** that the Clerk shall issue process or cause

process to issue on the second amended complaint [Doc. #11] as to all of the named defendants in their individual capacities only with respect to the claims outlined above.

**IT IS FURTHER ORDERED** that, in their individual capacities only, defendants Huffman Phillips, Hoskins, McGill, Wilheight, Roach, Wansing and Arnold, shall file an answer or other responsive pleading directed to plaintiff's First Amendment retaliation claims. Defendants shall so respond within the time provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure.

**IT IS FURTHER ORDERED** that, as to defendants in their official capacities, the Clerk shall not issue process or cause process to issue upon the second amended complaint, because plaintiff's official capacity claims are legally frivolous and fail to state a claim upon which relief can be granted. See 28 U.S.C. § 1915(e)(2)(B).

**IT IS FURTHER ORDERED** that, as to plaintiff's access to courts claims, the Clerk shall not issue process or cause process to issue upon the second amended complaint, because the second amended complaint is legally frivolous and fails to state a claim upon which relief can be granted with respect to these claims. See 28 U.S.C. § 1915(e)(2)(B).

**IT IS FURTHER ORDERED** that as to plaintiff's Fourteenth Amendment Due Process/Loss of Property claims, the Clerk shall not issue process or cause process to issue upon the second amended complaint, because the second amended complaint is legally frivolous and fails to state a claim upon which relief can be granted with respect to these claims. See 28 U.S.C. § 1915(e)(2)(B).

**IT IS FURTHER ORDERED** that as to plaintiff's conspiracy claims, the Clerk shall not issue process or cause process to issue upon the second amended complaint, because the second amended complaint is legally frivolous and fails to state a claim upon which relief can be granted with respect to these claims. See 28 U.S.C. § 1915(e)(2)(B).

**IT IS FURTHER ORDERED** that, pursuant to the Court's differentiated case management system, this case is assigned to Track 5B (standard prisoner actions).

A separate Order of Partial Dismissal will accompany this Memorandum and Order.

Dated this 18th day of October, 2012.

/s/ Stephen N. Limbaugh, Jr.
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE