# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# SOUTHEASTERN DIVISION

| | |
|---|---|
| SAMUEL LEWIS TAYLOR, | ) |
| Plaintiff, | ) |
| v. | ) No. 1:11CV173 SNLJ |
| PAULA HUFFMAN PHILLIPS, et al., | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

Before the Court is plaintiff's motion to alter or amend the partial dismissal of his claims in the Court's October 18, 2012 Memorandum and Order. Plaintiff states that he seeks relief on the due process claims concerning plaintiff's personal property as well as his access to court's claim. Plaintiff's motion to alter or amend judgment on the dismissal of these claims will be denied based on the following.

## Access to Courts Claim

In his second amended complaint, plaintiff stated generally that his "state tip" was taken from his account and he was forced to file legal documents on toilet paper. He also asserts that his legal dictionary and law journal were taken from him prior to being sent to administrative segregation, that his typewriter was damaged, carbon paper was taken from his cell and some "legal documents were taken as well as a civil complaint against Paula Huffman Phillips." Plaintiff

generally stated that these acts denied him access to the Courts and prejudiced him in meeting court deadlines.

The Court found that plaintiff's conclusory allegations, without more, were not enough to state a claim for denial of access to the courts. He had not alleged a specific or actual injury to a pending case or legal claim. See Myers v. Hundley, 101 F.3d 542, 544 (8th Cir. 1996) ("To state a claim [for denial of meaningful access to the courts], inmates must assert that they suffered an actual injury to pending or contemplated legal claims.").

In his motion to alter or amend judgment, plaintiff asserts that he had to voluntarily dismiss one of his cases (brought in this District) against defendants because he was being retaliated against and that it took him four years to bring the other case to trial in the Western District of Missouri. Plaintiff asserts that he "alluded" to this in his second amended complaint.

The Court has reviewed plaintiff's assertions in his second amended complaint and stands by its original finding that plaintiff's second amended complaint lacked claims alleging a specific or actual injury to a pending case or legal claim. Moreover, plaintiff's assertions that he had to voluntarily dismiss a prior case in this District due to retaliation from defendants at the time of filing of the prior case in no way alleges an access to Courts claim in this action. The

Court has reviewed plaintiff's motion to voluntarily dismiss his case in Taylor v. Huffman Phillips, 1:06CV72 CAS (E.D. Mo). Nowhere in plaintiff's motion did he claim that he was not able to file motions or pleadings with the Court or that he was being denied access to the Court or documents from the Court. Additionally, nowhere in his voluntary dismissal did plaintiff claim that he was being denied access to legal materials or to the law library. Rather, plaintiff claimed that he needed to voluntarily dismiss his case in order to exhaust his administrative remedies. Similarly, the Court cannot understand how the length of time it took for his case to proceed to trial in a case in the Western District of Missouri illustrates a denial of access to the courts. In light of the aforementioned. Plaintiff's motion to alter or amend the dismissal of his access to courts claims will be denied.

**Due Process/Loss of Property Claims**

In his second amended complaint, in addition to his retaliatory destruction of property claim, which the Court allowed to go forward, plaintiff asserted that he had been denied due process under the Fourteenth Amendment when defendants removed his personal property from his cell or intentionally or accidentally broke his property while doing a cell search. After an extensive review of plaintiff's allegations and the current state of the law, the Court found that plaintiff could not

sustain a Fourteenth Amendment Due Process/Loss of Property claim. See Hudson v. Palmer, 468 U.S. 517 (1984) (due process clause not implicated if the taking of property by prison officials is intentional and the state provides an adequate post-deprivation remedy); Orebaugh v. Caspari, 910 F.2d 526, 527 (8th Cir. 1990) (taking did not violate due process because Missouri prisoner had adequate post-deprivation remedy); Morton v. Becker, 793 F.2d 185, 188 n.3 (8th Cir. 1986) (Fourteenth Amendment due process clause is not implicated by state official's negligent act causing unintended loss of or injury to life, liberty, or property).

Plaintiff asserts that the dismissal of his due process claim should be altered because "pendent jurisdiction was argued."[1] Plaintiff appears to misunderstand the doctrine of supplemental jurisdiction. Supplemental jurisdiction extends a federal District Court's jurisdiction over other claims that are within the same case or controversy, as long as the court would have original jurisdiction in the case. 28 U.S.C. § 1367. Exxon Mobil Corp. v. Allapattah Servs., 545 U.S. 546, 558 (2005) (in case involving federal claims and state-law claims, federal district court can exercise supplemental jurisdiction over state law claims after federal claim is

---

[1] Essentially, 28 U.S.C. § 1367 codifies the earlier practice of pendent and ancillary jurisdiction. City of Chicago v. International Coll. of Surgeons, 522 U.S. 156, 165 (1997).

dismissed for failure to state claim). As this Court noted, plaintiff's Fourteenth Amendment Due Process claim was subject to dismissal, and although his retaliatory destruction of property claim survived under the First Amendment, plaintiff had not articulated any additional claims against defendants under state law such that the Court could exercise pendent or supplemental jurisdiction over those claims. In order to state a claim under state law against defendants, plaintiff had to actually articulate that claim, <u>or name it</u>, and then provide the allegations to support the claim. Plaintiff's second amended complaint failed to actually name a state law claim against defendants relative to his loss of property. As such, plaintiff's motion to alter or amend judgment with relation to his due process claims is denied.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to alter or amend judgment, or the Order of Partial Dismissal entered on October 18, 2012 [Doc. #15] is **DENIED**.

Dated this 19th day of November, 2012.

                                                                                  /s/ Stephen N. Limbaugh, Jr.
                                                                                  STEPHEN N. LIMBAUGH, JR.
                                                                                  UNITED STATES DISTRICT JUDGE