UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| SAMUEL TAYLOR, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 1:11-CV-173 SNLJ |
| ) | |
| PAULA PHILLIPS, et al., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER**

Plaintiff is incarcerated at the Potosi Correctional Center ("PCC"). He brings this 42 U.S.C. § 1983 action against defendants Paula Huffman Phillips, Michael McGill, John Roach, Jody Arnold, and Darlene Wansing. Defendants are employees of the Missouri Department of Corrections ("MDOC") whom he alleges, in late 2006 and into 2007, retaliated against him for filing a lawsuit against defendant Phillips. Currently before the Court are plaintiff's motion for summary judgment (#39), plaintiff's motion to supplement his motion for summary judgment (#40), defendants' motion for summary judgment (#47), and two motions to appoint counsel (#38, #41). These matters are now ripe for disposition.

**I.  Factual Background**

The following facts are uncontested except where indicated.

Defendant Phillips was a Functional Unit Manager from 2006 and 2007 at Southeast Correctional Center ("SECC"), where plaintiff was incarcerated during the period relevant to this case. Defendants McGill, Roach, and Arnold were each Corrections Officers at SECC during the

time of Taylor's allegations.  Defendant Wansing was an accountant for MDOC who was responsible for managing inmate financial accounts.

On May 30, 2006, plaintiff filed a lawsuit against defendant Phillips in this Court. (*See Taylor v. Phillips*, 1:06-cv-72-CAS.)  Plaintiff alleges that, in December 2006 and March 2007, he asked for and received permission from defendant Phillips to have extra time in the law library in order to work on his claim against Phillips.

The subject of this lawsuit is that, according to plaintiff, defendant Phillips retaliated against him by ordering other defendants to search his cell, remove his property, and remove funds from his accounts.  The incidents at issue are as follows:

- On December 27, 2006, plaintiff's cell was searched by McGill and another corrections officer, nonparty Bryan Hoskins.  Hoskins issued plaintiff a conduct violation for Rule # 22.1, Taking Property Without Consent.  A hearing officer, who is not a defendant, found plaintiff guilty of the conduct violation issued by Hoskins.  Although plaintiff alleged that McGill and Hoskins were told by defendant Phillips to search plaintiff's cell, they deny that was the case.

- On January 3, 2007, an SECC search and movement team randomly searched every cell in plaintiff's housing unit as a result of an incident on the recreation yard two days earlier.  The search was conducted for the safety and security of the institution due to an incident two days earlier.  Plaintiff alleges that defendant Phillips instructed a member of the search team to take his Koss headphones.  Defendants state that the headphones had been altered, which justified their removal, but the headphones were later returned to plaintiff.  Plaintiff discovered that they were no longer working properly, so he tried to have them sent back to the manufacturer for repair; he alleges that defendant Phillips instructed

- others not to send out his headphones for repair, and he states that he has not seen the headphones since he turned the headphones and $5 (plus postage) over to the property room for shipment.

- On January 28, 2007, defendant McGill conducted a random monthly search of plaintiff's cell. McGill issued plaintiff a conduct violation for Rule #22.1, Taking Property Without Consent. A nonparty hearing officer found plaintiff guilty of the conduct violation issued by McGill.

- In February 2007, plaintiff alleges that defendant Phillips directed defendant McGill and nonparty John Hoskins to search his cell. Plaintiff further alleges that after the search, his typewriter keys did not work and his carbon paper and legal documents were missing.

- On April 3, 2007, defendant Roach conducted a random search of plaintiff's cell. Roach issued plaintiff a conduct violation for Rule # 24.1, Contraband, in that he possessed a radio with several screws missing. Plaintiff was found guilty of the violation issued by Roach. Phillips did not direct Roach to search the cell and write plaintiff up. Plaintiff was not told that the cell search was at the direction of Phillips.

- On August 22, 2007, defendant Arnold searched plaintiff's property in preparation for plaintiff's transfer to administrative segregation. Arnold issued plaintiff a conduct violation for Rule # 24.5, Contraband, Altering Any Item, because Arnold discovered two law books that contained missing pages and handwritten markings. A nonparty hearing officer found plaintiff guilty of the conduct violation issued by Arnold.

- In October 2007, plaintiff alleges that when he was transferred to PCC, he was denied his personal property when he arrived at PCC. Defendants set forth evidence showing he

was reimbursed $38 for the missing property. Plaintiff maintains that defendant Phillips prevented him from receiving his property.

- In May and June 2007, plaintiff alleges that defendant Wansing, an accountant with MDOC tasked with managing offender financial accounts, took plaintiff's monthly stipend ($8.50) from his account. Plaintiff alleges that Wansing did so at the direction of defendant Phillips. Wansing states that those funds were deducted to pay for fees incurred by plaintiff for court cases that he had filed. Wansing further states that she was never directed by Phillips to remove funds from plaintiff's account.

Plaintiff claims that the above events constituted retaliation in violation of his Constitutional rights. Defendants have moved for summary judgment.

## II. Legal Standard

Pursuant to Federal Rule of Civil Procedure 56(c), a district court may grant a motion for summary judgment if all of the information before the court demonstrates that "there is no genuine issue as to material fact and the moving party is entitled to judgment as a matter of law." *Poller v. Columbia Broadcasting System, Inc.*, 368 U.S. 464, 467 (1962). The burden is on the moving party. *City of Mt. Pleasant, Iowa v. Assoc. Elec. Co-op., Inc.*, 838 F.2d 268, 273 (8th Cir. 1988). After the moving party discharges this burden, the nonmoving party must do more than show that there is some doubt as to the facts. *Matsushita Elec. Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Instead, the nonmoving party bears the burden of setting forth specific facts showing that there is sufficient evidence in its favor to allow a jury to return a verdict for it. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986).

In ruling on a motion for summary judgment, the court must review the facts in a light most favorable to the party opposing the motion and give that party the benefit of any inferences that logically can be drawn from those facts. *Buller v. Buechler*, 706 F.2d 844, 846 (8th Cir. 1983). The court is required to resolve all conflicts of evidence in favor of the nonmoving party. *Robert Johnson Grain Co. v. Chem. Interchange Co.*, 541 F.2d 207, 210 (8th Cir. 1976). With these principles in mind, the Court turns to the discussion.

### III. Summary Judgment

As an initial matter, the Court notes that plaintiff did not respond to the defendant's statement of undisputed facts. Therefore, the Court must deem all of the defendants' facts admitted because plaintiff did not specifically admit or deny defendants' facts, and general denials are not enough to controvert facts allegedly in dispute. Fed. R. Civ. P. 56(e); Local Rule 7-4.01(E); *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992); *Hernandez v. Jarman*, 340 F.3d 617, 622 (8th Cir. 2003) (Plaintiff "may not rely on mere denials or allegations"). Plaintiff was required to present material facts supported by citation to the record. *Id*. In the interests of preserving justice and fairness, however, the Court has reviewed all the materials submitted by the parties.

To establish a retaliation claim a plaintiff must show: "(1) the prisoner exercised a constitutionally protected right; (2) prison officials disciplined the prisoner; and (3) exercising the right was the motivation for the discipline." *Meuir v. Greene County Jail Employees*, 487 F.3d 1115, 1119 (8th Cir. 2007). "Merely alleging that an act was retaliatory is insufficient." *Id.* To avoid summary judgment, the plaintiff must submit affirmative evidence of a retaliatory motive. *Lewis v. Jacks*, 486 F.3d 1025, 1029 (8th Cir. 2007). Additionally, the discipline must have been that which would "chill a person of ordinary firmness from engaging in that activity."

5

*Id.* at 1028. A plaintiff also fails to establish a retaliation claim, "if the alleged retaliatory conduct violations were issued for the actual violation of a prison rule. Thus, a defendant may successfully defend a retaliatory discipline claim by showing 'some evidence' the inmate actually committed a rule violation." *Bandy-Bey v. Crist*, 578 F.3d 763, 766 (8th Cir. 2009) (internal quotations omitted); *see also Hartsfield v. Nichols*, 511 F.3d 826, 829 (8th Cir. 2008). "Some evidence" can be established through an officer report, even if that report is disputed and is not supported by other evidence. *Hartsfield*, 511 F.2d at 829; *Hrbek v. Nix*, 12 F.3d 777, 781 (8th Cir. 1993).

### A. Cell Searches

Plaintiff contends that defendant Phillips ordered defendants McGill, Roach, and/or Arnold to search plaintiff's cell in December 2006, January 2007, February 2007, April 2007, and August 2007 in retaliation for plaintiff's filing a lawsuit against Phillips in 2006. Plaintiff says Phillips knew about the law suit after he requested permission to use the law library. Defendant Phillips denies that she knew about the lawsuit, but that denial is surprising in light of the fact that defendant Phillips filed an answer to the lawsuit through her attorney. *See Taylor v. Phillips*, No. 1:6cv72-CAS, Dkt. #26 (Oct. 2, 2006). Regardless, plaintiff's claim cannot withstand summary judgment because the acts he complains of do not rise to the level of a constitutional violation. The Eighth Circuit protects prisoners from "misery inflicted through frequent retaliatory cell searches." *Scher v. Engelke*, 943 F.2d 921, 924 (8th Cir. 1991). In that case, the Court held that a pattern of searches that included 10 searches in 19 days, including three searches which left the cell in disarray, could amount to cruel and unusual punishment prohibited by the Eighth Amendment. *Id.* The searches complained of by plaintiff here occurred approximately once a month or as a result of a prison incident which required searches of every

6

cell. Such searches are standard operating procedure according to the prison, and plaintiff does not dispute that fact. Indeed, "routine shakedowns of prison cells are essential to the effective administration of prisons." *Hudson v. Palmer*, 468 U.S. 517, 529 (1984). The defendants deny that they were ordered by defendant Phillips to search plaintiff's cell, and plaintiff has not rebutted defendants' evidence in any way. Furthermore, nothing about the circumstances of the cell searches even suggests that the searches were conducted in retaliation.

Plaintiff also complained that, during certain searches, his headphones were damaged, food items went missing, his typewriter was damaged, his carbon paper was taken, law books were taken, and legal documents were taken. However, plaintiff has not set forth any specific facts regarding the allegedly missing food items, thus the defendants will be granted summary judgment as to any claims regarding the supposedly missing food. With respect to plaintiff's law books that were removed by defendant Arnold in August 2007, those books were removed because they had been altered and were the subject of a conduct violation. Further, defendant Arnold asserts that he had no retaliatory motive because he had never met plaintiff before the date of the subject interaction and because defendant Phillips had not instructed him to search plaintiff's cell. The carbon paper was removed because it was the subject of a conduct violation for stolen property. Plaintiff does not adequately rebut the evidence set forth by defendants, and summary judgment is appropriate on those claims as well.

However, summary judgment is not appropriate as to all of the issues raised with respect to missing items. As for the headphones, the record shows that the headphones were removed because they were damaged and/or altered, they were returned to plaintiff, and plaintiff was afforded the opportunity to send the headphones out for service by the manufacturer. What is not clear is what actually happened to the headphones after plaintiff gave them to the property room

for shipment. Defendants also do not address the matter of the February 2007 searches and the resulting damaged typewriter and missing legal papers has also not been addressed at all by defendants. A question of fact thus remains as to those matters, so summary judgment will be denied as to claims regarding the missing headphones, the February 2007 search, and the items missing and/or damaged during the February 2007 search as pleaded in paragraph nine of plaintiff's complaint (#11). The parties will be permitted to file renewed motions for summary judgment within 45 days.

### B. Conduct Violations

Several of the complained-of cell searches resulted in conduct violations. To the extent plaintiff complains those conduct violations were issued in retaliation for plaintiff's other federal lawsuit against defendant Phillips, that claim fails on summary judgment. The December 27, 2006 conduct violation was issued by a non-party. In addition, the record shows that, with respect to each conduct violation, there exists more than ample evidence to show that the inmate actually committed a rule violation. *See Bandy-Bey*, 578 F.3d at 766. For example, with respect to each conduct violation, a non-defendant caseworker reviewed the conduct violations and concluded that they were appropriately issued. Plaintiff's suggestions that his radio was taken not due to missing screws but due to retaliatory motives are unsupported, and the record evidence demonstrates otherwise.

### C. Inmate Financial Account

Plaintiff claims defendant Wansing took "all" of his monthly stipend during the months of May and June 2007, and he says she did so at the request of defendant Phillips. Defendant Wansing avers that she withdrew funds from plaintiff's account to pay for court filing fees for cases plaintiff had filed. The inmate account statement shows that two withdrawals (of $5.10

8

and $1.70) were made in May, July, September, and December 2007 when plaintiff's account balance rose above $10, in accordance with the Prison Litigation Reform Act ("PLRA"). Wansing states that she did not make the withdrawals at the direction of defendant Phillips, but that she did so in the usual course of business. At his deposition, plaintiff testified that such fees had not been deducted before defendant Phillips was notified of the lawsuit, but that is plainly not true. His inmate account statement shows that prior to May 2007, the last time his account balance was over $10 was January 2006. During that month, $5.10 was deducted from plaintiff's inmate account for federal court filing fees. Plaintiff does not dispute the authenticity of the statement. Instead, he states, without support, that the only reason his account balanced reached a high of $13 in May 2007 was because he was not permitted to buy stationery supplies. However, plaintiff cannot show any retaliation occurred with regard to his inmate account and, moreover, nothing even suggests that Wansing acted inappropriately in withdrawing the filing fees from the account. Plaintiff's unsupported belief that Wansing acted at defendant Phillips' direction and in retaliation for his earlier lawsuit does not serve to create a genuine issue of fact. *See de Llano v. Berglund*, 282 F.3d 1031, 1035 (8th Cir. 2002).

**D.  Transfer to PCC**

Plaintiff complains that defendant Phillips prevented him from receiving his property upon his transfer from SECC to PCC. Notably, upon arriving at PCC, he did not list any missing property on his Inventory Form. However, he submitted grievances alleging that his property was missing and that defendant Phillips was responsible. Ultimately, SECC investigated and directed that plaintiff be reimbursed $38.75. Plaintiff received that reimbursement. Plaintiff, in his response memorandum, does not suggest otherwise. Moreover, although plaintiff's

9

subjective belief may have been that Phillips was somehow responsible, his belief alone cannot serve as a basis for his retaliation claim. *See id.*

### E. Plaintiff's Motion for Summary Judgment

Plaintiff's own motion for summary judgment is denied for the same reasons defendants' motion will be partially granted. In addition, the Court notes that plaintiff's motion raises matters that were not alleged in his complaint, including perceived wrongs that occurred in 2010 and 2012, long after the occurrences at issue in this lawsuit that took place. As those matters are not properly before the Court, the Court cannot address them on summary judgment, and plaintiff's motion is denied for that reason as well.

## IV. Motions to Appoint Counsel

Plaintiff has again requested that this Court appoint counsel for him. For the reasons stated in this Court's earlier denial of his motion, *see* Docket No. 29, plaintiff is not entitled to counsel in this matter, and the Court will deny the motion.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motions for appointment of counsel (#38, #41), are **DENIED**.

**IT IS FURTHER ORDERED** that plaintiff's motion to supplement his motion for summary judgment (#40) is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff's motion for summary judgment (#39) is **DENIED**.

**IT IS FURTHER ORDERED** that defendants' motion for summary judgment (#47) is **GRANTED in part** and **DENIED without prejudice in part**, as reflected in the above memorandum.

**IT IS FINALLY ORDERED** that the parties shall file any additional dispositive motions no later than March 10, 2014.

Dated this  22nd  day of January, 2014.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE