UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| SAMUEL TAYLOR, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | Case No. 1:11-CV-173 SNLJ |
| PAULA PHILLIPS, et al., | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on defendants' renewed motion for summary judgment (#59), plaintiff's motion for summary judgment (#63), plaintiff's motion to reopen discovery (#66), and attorney David Kirby's motion to withdraw (#62). Remaining defendants in this 42 U.S.C. § 1983 action are Paula Huffman Phillips, Michael McGill, John Roach, and Jody Arnold. Defendants are employees of the Missouri Department of Corrections ("MDOC") whom he alleges, in late 2006 and into 2007, retaliated against him for filing a lawsuit against defendant Phillips. These matters are now ripe for disposition.

I.  Factual Background

The following facts are uncontested except where indicated.

Defendant Phillips was a Functional Unit Manager from 2006 and 2007 at Southeast Correctional Center ("SECC"), where plaintiff was incarcerated during the period relevant to this case. Defendants McGill, Roach, and Arnold were each Corrections Officers at SECC during the time of Taylor's allegations.

On May 30, 2006, plaintiff filed a lawsuit against defendant Phillips in this Court. (*See Taylor v. Phillips*, 1:06-cv-72-CAS.) Plaintiff alleges that, in December 2006 and March 2007, he asked for and received permission from defendant Phillips to have extra time in the law library in order to work on his claim against Phillips.

The subject of this lawsuit is that, according to plaintiff, defendant Phillips retaliated against him by ordering other defendants to search his cell, remove his property, and remove funds from his accounts. Plaintiff's original complaint included several incidents, but defendants have been granted summary judgment as to all of them (*see* #57) except for the following:

- On January 3, 2007, an SECC search and movement team randomly searched every cell in plaintiff's housing unit as a result of an incident on the recreation yard two days earlier. The search was conducted for the safety and security of the institution due to an incident two days earlier. Plaintiff alleges that defendant Phillips instructed a member of the search team to take his Koss headphones. Defendants state that the headphones had been altered, which justified their removal, but the headphones were returned to plaintiff on January 30. Plaintiff discovered that they were no longer working properly, so he tried to have them sent back to the manufacturer for repair. He alleges that defendant Phillips instructed others not to send out his headphones for repair, and he states that he has not seen the headphones since he turned the headphones and $5 (plus postage) over to the property room for shipment. Defendants counter that plaintiff never informed the institution that he wanted the headphones sent out.
- On January 28, 2007, defendant McGill conducted a random monthly search of plaintiff's cell. McGill issued plaintiff a conduct violation for Rule #22.1, Taking Property Without Consent, due to his possession of a stolen scrub brush. Plaintiff also received a conduct

violation for possession of contraband due to his possessing sheets of carbon paper. A nonparty hearing officer found plaintiff guilty of the conduct violation issued by McGill.

- In February 2007, plaintiff alleges that defendant Phillips directed defendant McGill and nonparty John Hoskins to search his cell. Plaintiff further alleges that after the search, his typewriter keys did not work and his carbon paper and legal documents were missing. In the numerous informal resolution requests ("IRRs") that plaintiff filed during the early months of 2007, however, not one of them mentions his typewriter.

Plaintiff claims that the above events constituted retaliation in violation of his Constitutional rights. Defendants have moved for summary judgment.

## II.     Legal Standard

Pursuant to Federal Rule of Civil Procedure 56(c), a district court may grant a motion for summary judgment if all of the information before the court demonstrates that "there is no genuine issue as to material fact and the moving party is entitled to judgment as a matter of law." *Poller v. Columbia Broadcasting System, Inc.*, 368 U.S. 464, 467 (1962). The burden is on the moving party. *City of Mt. Pleasant, Iowa v. Assoc. Elec. Co-op., Inc.*, 838 F.2d 268, 273 (8th Cir. 1988). After the moving party discharges this burden, the nonmoving party must do more than show that there is some doubt as to the facts. *Matsushita Elec. Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Instead, the nonmoving party bears the burden of setting forth specific facts showing that there is sufficient evidence in its favor to allow a jury to return a verdict for it. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986).

In ruling on a motion for summary judgment, the court must review the facts in a light most favorable to the party opposing the motion and give that party the benefit of any inferences

that logically can be drawn from those facts. *Buller v. Buechler*, 706 F.2d 844, 846 (8th Cir. 1983). The court is required to resolve all conflicts of evidence in favor of the nonmoving party. *Robert Johnson Grain Co. v. Chem. Interchange Co.*, 541 F.2d 207, 210 (8th Cir. 1976). With these principles in mind, the Court turns to the discussion.

**III.     Summary Judgment**

Remaining for disposition in this case are plaintiff's claims that defendants (1) removed and damaged his Koss headphones, (2) damaged his typewriter, and (3) took his carbon paper, all in retaliation for an earlier lawsuit against defendant Phillips.

**A.     Koss Headphones**

As for the headphones, the record shows that the headphones were removed in January 2007 because they were damaged and/or altered, they were returned to plaintiff, and plaintiff was offered the opportunity to send the headphones out for service by the manufacturer. The response to his IRR complaint indicated that "your headphones are ready to be sent out for repair. The property room has the approved green check, stamps and the headphones that will be sent out with your acceptance of this response." The final grievance appeal response — on July 2, 2007 — told plaintiff that he had "30 days from the time you receive this response to send the headphones out for repair or have them disposed of." Plaintiff complains that he was never issued a conduct violation for the supposedly "altered" headphones and that the headphones were not returned to plaintiff because they wanted to punish plaintiff. As this Court observed in its last memorandum and order:

> To establish a retaliation claim a plaintiff must show: "(1) the prisoner exercised a constitutionally protected right; (2) prison officials disciplined the prisoner; and (3) exercising the right was the motivation for the discipline." *Meuir v. Greene County Jail Employees*, 487 F.3d 1115, 1119 (8th Cir. 2007). "Merely alleging that an act was retaliatory is insufficient." *Id.* To avoid summary judgment, the

> plaintiff must submit affirmative evidence of a retaliatory motive. *Lewis v. Jacks*, 486 F.3d 1025, 1029 (8th Cir. 2007). Additionally, the discipline must have been that which would "chill a person of ordinary firmness from engaging in that activity." *Id.* at 1028. A plaintiff also fails to establish a retaliation claim, "if the alleged retaliatory conduct violations were issued for the actual violation of a prison rule. Thus, a defendant may successfully defend a retaliatory discipline claim by showing 'some evidence' the inmate actually committed a rule violation." *Bandy-Bey v. Crist*, 578 F.3d 763, 766 (8th Cir. 2009) (internal quotations omitted); *see also Hartsfield v. Nichols*, 511 F.3d 826, 829 (8th Cir. 2008). "Some evidence" can be established through an officer report, even if that report is disputed and is not supported by other evidence. *Hartsfield*, 511 F.2d at 829; *Hrbek v. Nix*, 12 F.3d 777, 781 (8th Cir. 1993).

(#57 at 5-6.) Plaintiff claims that the "discipline" he received was the removal of his working headphones under the guise that they were "altered," and the return of the headphones in non-working order. Plaintiff also complains that the defendants should have sent out the headphones for repair at their own expense. Defendants state simply that the "headphones were never sent outside the institution." (#60-1 at ¶ 6.) Although defendants never explicitly state what happened, it appears that because plaintiff was not satisfied with the defendants' offered remedy (sending the headphones at his expense), he never agreed to the proposed remedy, and the headphones were — pursuant to the July 2007 grievance appeal response — destroyed.

Plaintiff states that the headphones had not been altered. In support, plaintiff observes that he was not issued a conduct violation. As for the damage that plaintiff states was done to the headphones, defendants say plaintiff did not record that they had been damaged when he picked up the headphones. However, plaintiff points out that he could not have known that one side of the headphones did not work until he tried to use them later, in his cell. Ultimately, defendants may be able to explain away these deficiencies without going to trial; however, defendants have not succeeded in demonstrating that no genuine issue of fact exists with respect to the confiscated and damaged headphones. It is also unclear whether the relief plaintiff seeks (return

of the headphones) is even available. The motion will therefore be denied without prejudice as to this matter.

**B.     Typewriter**

Although plaintiff's complaint alleges that his typewriter was damaged by defendant McGill after during a February 2007 search, defendants argue that they should be granted summary judgment on this claim because plaintiff did not exhaust his administrative remedies as to this claim. The Prison Litigation Reform Act ("PLRA") imposes an exhaustion requirement on prisoners who wish to file claims under 42 U.S.C. § 1983. The Act states that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "Under the plain language of section 1997e(a), an inmate must exhaust administrative remedies before filing suit in federal court." *Johnson v. Jones*, 340 F.3d 624, 627 (8th Cir. 2003). "If exhaustion was not completed at the time of filing, dismissal is mandatory." *Id.*; *Jones v. Bock*, 549 U.S. 199, 211 (2007) ("There is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court.") (internal citation omitted); *Gibson v. Weber*, 431 F.3d 339, 341 (8th Cir. 2005). "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes." *Porter v. Nussle*, 534 U.S. 516, 532 (2002).

In order for a Missouri prisoner to satisfy this exhaustion requirement, he must avail himself of the administrative grievance process established by MDOC.

> To initiate this process, an inmate must file an Informal Resolution Request ("IRR") within fifteen days of the date of the incident giving rise to the IRR. If the inmate is dissatisfied with the response to his IRR, he can file an Offender

6

> Grievance within seven working days of receiving the response. If the inmate is dissatisfied with the response to his Grievance, he can file a Grievance Appeal within seven days of receiving that response. The failure to file timely appeal will result in the appeal being considered abandoned. Only after the inmate receives a response to his Appeal is the administrative grievance procedure exhausted.

*Wewerka v. Roper*, No. 4:09CV1973 CDP, 2010 WL 4628093, at *2 (E.D. Mo. Nov. 8, 2010); *see also Dykes v. Murphy*, No. 4:09CV1062 HEA, 2010 WL 2287496, at *4 (E.D. Mo. Jun. 3, 2010); *Hahn v. Armstrong*, No. 1:08CV0169 LMB, 2010 WL 575748, at *3 (E.D. Mo. Feb. 11, 2010).

Plaintiff submitted a number of IRRs in the period immediately following the search at issue, but none of them mentions damage to a typewriter. Plaintiff supplied a copy of his IRRs filed at SECC during the relevant time, but he failed to cite to any that sought to remedy his allegedly damaged typewriter. A review of the IRRs during that period reveals no mention of the damaged typewriter. As a result, defendants have met their burden to show that they are entitled to dismissal of plaintiff's claim related to his allegedly damaged typewriter.

### C. Carbon Paper and Legal Papers

Finally, plaintiff contends that the defendants removed carbon paper from his cell during a search in retaliation for his lawsuit against defendant Phillips. This Court's previous memorandum stated that the carbon paper was removed because it was the subject of a conduct violation for stolen property; however, it now appears that the carbon paper was confiscated as contraband.[1] Because there appears to be a factual basis for the conduct violation and removal of the carbon paper, plaintiff's retaliation claim fails as to the carbon paper.

---

[1] Plaintiff explained he brought the carbon paper with him from another institution. Although defendants do not explain why the prison prohibits possession of carbon paper, it is apparently not allowed because it is used to make prison tattoos. *See Haggins v. Minn. D.O.C. Com'r*, No. CIV10-4427 DWF/LIB, 2012 WL 983593, *1 (D. Minn. Jan. 20, 2012), *report and recommendation adopted*, CIV. 10-4427 DWF/LIB, 2012 WL 983694 (D. Minn. Mar. 22, 2012).

As for the alleged removal of plaintiff's legal papers by defendant McGill, McGill denies removing any such legal documents from the cell. Furthermore, both McGill and Phillips deny that Phillips instructed McGill to search the cell; instead, defendants state that the search was conducted as a routine, monthly cell search. Plaintiff's generalized denials of defendants' statements of facts do not suffice to withstand summary judgment. *Hernandez v. Jarman*, 340 F.3d 617, 622 (8th Cir. 2003) (stating that plaintiff "may not rely on mere denials or allegations").

### D. Conclusion

Defendant's motion for summary judgment will be denied without prejudice as to the removal and damage allegedly done to plaintiff's headphones. Summary judgment will be granted as to all other pending matters. Plaintiff's motion for summary judgment is denied for the same reasons defendants' motion is denied in part and granted in part. Defendants will be permitted to file another renewed motion for summary judgment within 60 days.

### IV. Other Motions

Defense counsel David Kirby's motion to withdraw as counsel will be granted.

Plaintiff has also filed a motion requesting a continuance to permit further discovery (#66). Plaintiff's filing amounts to a motion for reconsideration of the Court's January 22, 2014 order regarding funds withdrawn from his inmate account. He says he was denied a copy of his "canteen list" and thus could not show he attempted to buy stationery and hygiene products, but those matters were irrelevant to the Court's holding regarding plaintiff's inmate account. As a result, the motion will be denied.

Accordingly,

**IT IS HEREBY ORDERED** that defendants' renewed motion for summary judgment (#59) is **DENIED** in part and **GRANTED** in part.

**IT IS FURTHER ORDERED** that plaintiff's motion for summary judgment (#63) is **DENIED**.

**IT IS FURTHER ORDERED** that plaintiff's motion to reopen discovery (#66) is **DENIED**.

**IT IS FURTHER ORDERED** that attorney David Kirby's motion to withdraw (#62) is **GRANTED**.

**IT IS FINALLY ORDERED** that the defendants shall file any additional dispositive motions no later than 60 days after the date of this Memorandum and Order.

Dated this __28th__ day of August, 2014.

							_____
							STEPHEN N. LIMBAUGH, JR.
							UNITED STATES DISTRICT JUDGE