UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| SAMUEL LEWIS TAYLOR, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No.1:11cv173 SNLJ |
| | ) |
| PAULA HUFFMAN PHILLIPS, et al. | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM and ORDER

This matter is before the Court on defendants Paula Huffman Phillips, Michael McGill, John Roach, Jody Arnold, and Darlene Wansing's motion for summary judgment (#71) in this 42 U.S.C. § 1983 case brought by a prisoner within the Missouri Department of Corrections ("MDOC"). This Court previously granted summary judgment to defendants on several of plaintiff's claims. Remaining for disposition in this case is plaintiff's claim that defendants removed and damaged his Koss brand headphones in violation of plaintiff's First Amendment rights.

**I.  Factual background**

As this Court stated in its previous summary judgment memorandum and order:

On January 3, 2007, an SECC search and movement team randomly searched every cell in plaintiff's housing unit as a result of an incident on the recreation yard two days earlier. The search was conducted for the safety and security of the institution due to an incident two days earlier. Plaintiff alleges that defendant Phillips instructed a member of the search team to take

1

his Koss headphones. Defendants state that the headphones had been altered, which justified their removal, but the headphones were returned to plaintiff on January 30.

(#70 at 2.) Plaintiff signed a form acknowledging that the "Koss Headphones Altered" had been returned to him, but there was apparently no Conduct Violation issued for his possession of the altered headphones. Upon return to his cell,

> Plaintiff discovered that they were no longer working properly, so he tried to have them sent back to the manufacturer for repair. He alleges that defendant Phillips instructed others not to send out his headphones for repair, and he states that he has not seen the headphones since he turned the headphones and $5 (plus postage) over to the property room for shipment. Defendants counter that plaintiff never informed the institution that he wanted the headphones sent out.

(*Id.*) The headphones apparently worked properly on one side but did not transmit sound on the other side. Plaintiff sent an Informal Resolution Request ("IRR") about the broken headphones, and the response to it stated that "your headphones are ready to be sent out for repair. The property room has the approved green check, stamps and the headphones that will be sent out with your acceptance of this response." The final grievance appeal response, on July 2, 2007, stated that plaintiff had "30 days from the time you receive this response to send the headphones out for repair or have them disposed of." Defendants now submit evidence that the headphones are no longer in the property room at the prison and they state that they are thus not able to return the headphones to him. Plaintiff claims that defendants engaged in this conduct in retaliation for plaintiff's then-pending lawsuit against defendant Phillips. Plaintiff seeks return or replacement of the headphones.

## II. Legal Standard

Pursuant to Federal Rule of Civil Procedure 56(c), a district court may grant a motion for summary judgment if all of the information before the court demonstrates that "there is no genuine issue as to material fact and the moving party is entitled to judgment as a matter of law." *Poller v. Columbia Broadcasting System, Inc.*, 368 U.S. 464, 467 (1962). The burden is on the moving party. *City of Mt. Pleasant, Iowa v. Assoc. Elec. Co-op., Inc.*, 838 F.2d 268, 273 (8th Cir. 1988). After the moving party discharges this burden, the nonmoving party must do more than show that there is some doubt as to the facts. *Matsushita Elec. Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Instead, the nonmoving party bears the burden of setting forth specific facts showing that there is sufficient evidence in its favor to allow a jury to return a verdict for it. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986).

In ruling on a motion for summary judgment, the court must review the facts in a light most favorable to the party opposing the motion and give that party the benefit of any inferences that logically can be drawn from those facts. *Buller v. Buechler*, 706 F.2d 844, 846 (8th Cir. 1983). The court is required to resolve all conflicts of evidence in favor of the nonmoving party. *Robert Johnson Grain Co. v. Chem. Interchange Co.*, 541 F.2d 207, 210 (8th Cir. 1976).

## III. Discussion

Plaintiff claims the headphones were removed and damaged by defendants (or at their direction, specifically defendant Phillips) in retaliation for having filed a lawsuit against Phillips. As this Court observed in its last two memorandums and orders:

> To establish a retaliation claim a plaintiff must show: "(1) the prisoner exercised a constitutionally protected right; (2) prison officials disciplined the prisoner; and (3) exercising the right was the motivation for the discipline." *Meuir v. Greene County Jail Employees*, 487 F.3d 1115, 1119 (8th Cir. 2007). "Merely alleging that an act was retaliatory is insufficient." *Id.* To avoid summary judgment, the plaintiff must submit affirmative evidence of a retaliatory motive. *Lewis v. Jacks*, 486 F.3d 1025, 1029 (8th Cir. 2007). Additionally, the discipline must have been that which would "chill a person of ordinary firmness from engaging in that activity." *Id.* at 1028. A plaintiff also fails to establish a retaliation claim, "if the alleged retaliatory conduct violations were issued for the actual violation of a prison rule. Thus, a defendant may successfully defend a retaliatory discipline claim by showing 'some evidence' the inmate actually committed a rule violation." *Bandy-Bey v. Crist*, 578 F.3d 763, 766 (8th Cir. 2009) (internal quotations omitted); *see also Hartsfield v. Nichols*, 511 F.3d 826, 829 (8th Cir. 2008). "Some evidence" can be established through an officer report, even if that report is disputed and is not supported by other evidence. *Hartsfield*, 511 F.2d at 829; *Hrbek v. Nix*, 12 F.3d 777, 781 (8th Cir. 1993).

(#57 at 5-6; #70 at 4-5.)

Defendants argue that removal of the headphones was not retaliatory because plaintiff had actually violated a rule in that the headphones were impermissibly "altered." In support, they cite the "Offender Property Removal" form, which lists the "Koss Headphones altered" as having been removed, and which was signed by plaintiff in acknowledgment of their return. It appears however that plaintiff was not issued a Conduct Violation for possession of the altered headphones. Moreover, defendants do not explain how the headphones were altered, and they do not explain why the altered headphones were returned to plaintiff, i.e., whether prison officials were somehow able to undo the alterations supposedly done to the headphones. The form is not proof that the headphones were altered --- it is merely proof that plaintiff received the headphones back. (In fact, plaintiff's February 2, 2007 IRR states that "staff members found that the headphones were not altered" and that is why they were returned to him.) Defendants wholly ignore plaintiff's contention that he would have received a Conduct Violation in the

4

event the headphones had been altered, and they do not address the evidence that the headphones were not altered.

The next issue regarding the headphones is what happened to the headphones after plaintiff returned them to the property room. It appears that plaintiff began the IRR process after he discovered that the headphones no longer worked properly. Plaintiff wanted the prison to send the headphones out for repair at the prison's expense. An internal memorandum between the grievance officer (Cheryl Dowdy) and "Property" (presumably the Property Room at the prison) dated April 24 asked whether plaintiff had sent the headphones out for repair. The response stated "No. He has not sent them out yet. I still have a green check for Koss, but he has never came in with the headphones." Below that response is a note signed by "C. Dowdy" that states "headphones are in box with green checks and stamps in property." In the grievance response, the grievance officer told plaintiff that when he accepted the grievance response, they would send out the headphones for repair. Then, in the final grievance appeal response on July 2, the prison official advised that plaintiff needed to tell the appropriate authorities to go ahead with sending out the headphones within 30 days, or the headphones would be disposed of. Plaintiff filed this lawsuit on September 26.

Notably, although plaintiff states that he obviously wanted the headphones sent out for repair (because plaintiff gave the headphones, postage, and a $5 check to the property room), plaintiff does not dispute that he allowed the 30 days to expire without advising the grievance officer that he wanted to have the headphones sent out. It appears that the grievance officer was awaiting resolution of the grievance process before sending out the headphones, but, when plaintiff failed to respond after 30 days, the headphones were disposed of. Furthermore, the grievance officer (Cheryl Dowdy) who appears to have

5

been responsible for this matter is not a defendant in this case. Thus, plaintiff was given clear instructions regarding what he needed to do, but he did not follow through, and the natural consequences followed.

Returning to the January 2007 removal of and alleged damage to one side of the headphones, however, the Court concludes that plaintiff has not demonstrated that this incident satisfies the requirements for a § 1983 claim of retaliation. The "discipline" constituting retaliation must be of the sort which would "chill a person of ordinary firmness from engaging in that activity." *Lewis*, 486 F.3d at 1028. Although this presents an objective test, "how plaintiff acted might be evidence of what a reasonable person would have done." *Scheffler v. Molin*, 743 F.3d 619, 621 (8th Cir.) cert. denied, 135 S. Ct. 203 (2014) (quoting *Garcia v. City of Trenton*, 348 F.3d 726, 729 (8th Cir. 2003)). Temporary removal of headphones[1] following a uniformly-applied cell sweep in a housing unit would not (and here, did not) chill a person of ordinary firmness from pursuing legal action against prison officials. *Compare Lewis*, 486 F.3d at 1029 (prisoner's work assignment changes would not chill inmate's filing of grievances) *with Santiago v. Blair*, 707 F.3d 984, 992 (8th Cir. 2013) ("a reasonable jury could find that threats of death, issued by a correctional officer tasked with guarding a prisoner's segregated cell, would chill a prisoner of ordinary firmness from engaging in the prison grievance process"). Although plaintiff states the headphones were returned damaged, one side of the headphones still worked properly, and, again, this sort of "discipline" --- to the extent it was discipline at all --- does not rise to the level of a constitutional violation. Finally, as in *Lewis*, here there is no evidence that defendants removed or damaged the headphones in retaliation for plaintiff's lawsuits. 486 F.3d at 1029.

---

[1] Notably, plaintiff states that the headphones are sold by the prison and cost $20.81.

As a result, summary judgment will be granted to defendants.

Accordingly,

**IT IS HEREBY ORDERED** that defendants' motion for summary judgment (#71) is **GRANTED**.


Dated this   15th   day of July, 2015.

                                                                        _____
                                                                       STEPHEN N. LIMBAUGH, JR.
                                                                       UNITED STATES DISTRICT JUDGE